# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JENNIFER KIMBALL, ON HER OWN**
**BEHALF AND OTHERS SIMILARLY**
**SITUTATED,**

      **Plaintiffs,**

**-vs-**                **Case No. 6:05-cv-1584-Orl-28DAB**

**RRADIUS REALTY, INC.,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR DEFAULT JUDGMENT (Doc. No. 19)**
>
> **FILED:**   **March 21, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, in part.

   Plaintiff filed her Complaint for unpaid minimum wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and under Article X, Section 24 of the Florida Constitution, and unpaid wages under Fla. Stat. § 448 (Doc. No. 1). The docket reflects that service was made on the wife of the registered agent of the corporation. The registered agent filed a paper in which he purported to represent the corporate defendant, but the paper was stricken, and Defendant

was ordered to appear only through counsel, as required by Local Rule (Doc. Nos. 8, 12). No appearance was made, and the Clerk entered a default (Doc. No. 18). This motion followed.

Plaintiff seeks a default judgment against the Defendant, in the amount of $2,600.00 for violation of the minimum wage provision, and $2,600.00 as liquidated damages. In addition, Plaintiff also seeks judgment for $4,680.00 for attorney's fees and $305.00 in costs. It is **respectfully recommended** that the motion be **granted, only in part**, as set forth herein.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Applied here, the Complaint asserts that the corporate defendant was Plaintiff's employer, and the employer was an enterprise covered by the FLSA. The Complaint asserts that Plaintiff worked an unspecified number of hours during "multiple weeks of work," but was not paid anything by Defendant for those hours. The Complaint asserts that Plaintiff "was entitled to be paid minimum wage for each hour she worked during her employment with Defendant." (Allegation 9).

In Affidavit, Plaintiff avers that she worked as a clerical employee from May 2005 until September 2005, paid $650 per 40 hour work week, but that she received no wages at all for four weeks during her employment. She then calculates that she is owed $2,600.00 (4 x $650.00) plus

liquidated damages in an equal amount. As stated above, by virtue of the default and Plaintiff's uncontested Affidavit, Plaintiff has established her entitlement to an award of damages and liquidated damages, pursuant to the Fair Labor Standards Act.

The Act, however, does *not* support Plaintiff's claim for unpaid wages at her normal salary, plus liquidated damages in the same amount. The relief available to employees who claim violations of §§ 206 and 207 of the FLSA is limited to "their unpaid minimum wages, or the unpaid overtime compensation, as the case may be and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The purpose of the FLSA was to set limits on minimum wages and the number of hours an employee is permitted to work before the employer is required to pay overtime. All that the FLSA requires is that an employee be paid at least the minimum wage for all hours worked, and if no exemption applies, overtime pay for each hour in excess of the statutory minimum."*Bolick v. Brevard County Sheriff's Dept.*, 937 F.Supp. 1560, 1568 (M.D. Fla. 1996). "The FLSA was designed to assure the payment of a minimum wage plus overtime, nothing more."*Id.* at 1569. Indeed, as recognized by Plaintiff in her Complaint, "[t]his action is brought under the FLSA to recover from Defendant, *minimum wages,* liquidated damages, and reasonable attorneys' fees and costs." (Allegation 3, emphasis added). Thus, to the extent Plaintiff's motion relies solely on the FLSA to recover her unpaid wages and liquidated damages, such relief is not available.

With respect to Plaintiff's cause of action for minimum wages under the Florida Constitution, it does not appear that Plaintiff is relying on this count for default judgment purposes; moreover, the cause of action (if, in fact, it exists) would also not support the relief sought here. As for Plaintiff's claim under Chapter 448 of the Florida Statutes, Plaintiff fails to cite a provision that provides a statutory right of action for unpaid wages and liquidated wages. The only citation offered speaks to

attorney's fees and costs in suits for unpaid wages. In a right to work state such as Florida, however, the right to wages is based on explicit or implicit contract. Here, the Complaint could fairly be construed as a claim for breach of contract, but Plaintiff sets forth no authority that warrants doubling that damage amount, as liquidated damages.

In short, Plaintiff's proof shows, at best, entitlement to an award of unpaid wages at her normal rate under state law, plus liquidated damages in the amount of minimum wage for the hours claimed under FLSA.[1] As Plaintiff offers no proof regarding the applicable state rate of minimum wages, the Court relies on the federal minimum wage applicable at the time – $5.15 per hour.[2] Thus, Plaintiff is entitled to compensatory damages of $2,600.00 (her regular wage for four weeks at $650.00), plus liquidated damages of $824.00 (four weeks of forty hours equals 160 hours, at $5.15 per hour), for a total of $3,424.00.

As for attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also*, *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). The fee, however, must still be reasonable.

---

[1] Plaintiff is not entitled to a double recovery of her regular wage, plus an award of minimum wage for her work, and another award of minimum wage for liquidated damages.

[2] U.S. Department of Labor, http://www.dol.gov/esa/whd/flsa.

Here, Plaintiff seeks an award of $4,680.00 in attorney's fees (calculated as 15.6 hours of attorney time at the rate of $300 per hour) and costs in the amount of $305.00. Counsel avers that the fees were necessarily incurred, and that he customarily bills his clients at a rate of $300 per hour "or more" for his services. While the Court has no quarrel with the quality of the representation, this case, which involved form pleadings[3] and no discovery or hearings, simply does not warrant so high an hourly rate in this community. The rate of $250 is reasonable for this type of work. Moreover, the hours charged are excessive. Note, for example, that Plaintiff's counsel claims that it required 3.7 hours to prepare the fees and costs ledger, the motion for final default judgment pleadings, to "review and revise" the attorney's fee ledger, and to determine costs incurred and finalize and file the motion. Indeed, counsel charged more to prepare the form default motion than the first three entries combined, which included the initial client meeting, research, preparation, and filing of the Complaint, up to and including client conference after filing of the Complaint, and preparation of a case value regarding the claim. This charge is excessive by half, and should be reduced by 2 hours. Moreover, counsel claims that he prepared a motion to strike defendant's pro se response to the Complaint on November 18, 2005. No such pleading was ever filed, however, and the Court itself struck the response on December 9, 2005. As such, the claimed 1.3 hours are not chargeable to Defendant.

The Court recommends an award of attorney's fees in the amount of $3,075.00 (12.3 x $250). As for costs, Plaintiff seeks to recover the cost of the filing fee and service of process costs in the total amount of $305.00. This amount is reasonable and should be awarded.

---

[3] Indeed, counsel notes in the motion: "Wherefore, Plaintiff, KIMBERLY WELLS, requests the entry of a Final Judgment in her favor . . ." Plaintiff is Jennifer Kimball, not Kimberly Wells. *Compare* Civil Action no. 05cv1312, filed in this Court.

For the reasons set forth above, the Court **respectfully recommends** that the motion be **granted, in part** and judgment be entered for damages in the amount of $3,424.00, and attorney's fees and costs in the amount of $3,380.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 27, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy